## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Gregory Maggi

    v.                                    Case No. 17-cv-253-PB

Michelle Edmark[1]

## REPORT AND RECOMMENDATION

Petitioner Gregory Maggi filed a petition for a writ of habeas corpus (Doc. No. 1) challenging his current confinement under 28 U.S.C. § 2254. The court stayed this matter while Mr. Maggi litigated a habeas petition in state court to exhaust his state court remedies for the federal claims he asserts here. When Mr. Maggi's state court proceedings concluded, the Court lifted the stay in this case. Mr. Maggi then filed an amended § 2254 petition (Doc. No. 28) and an addendum (Doc. No. 29) to the amended petition. Document Nos. 1, 28, and 29 are construed, together, to be the petition in this action for all purposes. So construed, the petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules") and this Court's Local Rule 4.3(d)(4).

---

[1] The proper respondent to a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 is the "state officer who has custody" of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. Michelle Edmark is the warden of the New Hampshire State Prison, where Mr. Maggi is presently incarcerated. In an Order issued this date, the Court directs the Clerk's office to amend the caption in the docket of this case to reflect that Michelle Edmark is the respondent in this action.

## Preliminary Review Standard

The Court reviews petitions filed under 28 U.S.C. § 2254 and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). As Mr. Maggi is representing himself in this matter, the court construes his pleadings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Procedural History

Mr. Maggi was convicted, after a jury trial in the Grafton County Superior Court ("GCSC"), of aggravated felonious sexual assault, felonious sexual assault, simple assault, and drug-related offenses. See State v. Maggi, No. 13-CR-55 et. seq. (GCSC). On December 22, 2014, the GCSC sentenced Mr. Maggi to a 17½ - 35 year committed prison term, and suspended additional prison sentences.

Mr. Maggi was represented by a number of attorneys at various times in his criminal case, and represented himself for a period of time, both with and without standby counsel. Prior to his trial, Mr. Maggi retained Attorney Peter Decato to

2

represent him at trial and sentencing and, after Mr. Maggi was found guilty, to file a Notice of Mandatory Appeal ("NOMA") in the New Hampshire Supreme Court ("NHSC").

On appeal, Mr. Maggi was represented by Attorney David Rothstein.  While his appeal was pending, Mr. Maggi moved the NHSC to allow him to file a pro se supplemental brief.  See Oct. 5, 2015 Mot. for Leave to File Pro Se Supp. Brief, State v. Maggi, No. 2015-0029 (NHSC), Pet. Addend., Ex. B (Doc. No. 28, at 32).  The NHSC denied that motion.  See Oct. 15, 2015 Order, id. at 31.  The NHSC affirmed Mr. Maggi's convictions, see id., 2016 N.H. LEXIS 50, at *11, 2016 WL 3926565, at *4 (N.H. May 20, 2016) (Pet. Addend., Ex. C) (Doc. No. 28, at 37), and denied Mr. Maggi's subsequent motion to reconsider that decision, see id. (N.H. June 23, 2016) (Pet. Addend., Ex. E) (Doc. No. 28, at 52).

Mr. Maggi then filed his § 2254 petition in this Court, and requested a stay of this matter so that he could return to the state courts to exhaust the federal claims which he sought to assert here.  After this Court granted him a stay, Mr. Maggi filed a habeas petition in the Merrimack County Superior Court ("MCSC").  The MCSC denied Mr. Maggi's state habeas petition, see Nov. 8, 2019 Order, Maggi v. Zenk, No. 217-2017-CV-325 (MCSC) (Pet. Addend., Ex. F) (Doc. No. 28, at 54), and denied Mr. Maggi's motion to reconsider its decision, see Dec. 3, 2019 Order, id. (Pet. Addend., Ex. G) (Doc. No. 28, at 88).

Mr. Maggi appealed the MCSC's denial of his habeas petition by filing a Notice of Discretionary Appeal ("NODA") in the NHSC. Dec. 31, 2019, NODA, Maggi v. Zenk, No. 2020-0004 (NHSC) (Pet. Addend., Ex. H (Doc. No. 28, at 89).  The NHSC declined the appeal.  Mar. 13, 2020 Order, id., Pet. Addend., Ex. I (Doc. No. 28, at 103).

## **Discussion**

I.    Claims Which May Proceed

Having construed Mr. Maggi's petition liberally, and made all reasonable inferences therefrom in Mr. Maggi's favor, the Court finds that Mr. Maggi has asserted the following claims which do not appear to be invalid on the face of the petition and, therefore, may proceed.  In an Order issued simultaneously with this Report and Recommendation, the Court directs that the respondent answer or otherwise respond to the following claims.

A.    The trial court violated Mr. Maggi's federal constitutional rights as follows.

1.    The trial court violated Mr. Maggi's Sixth Amendment right not to be charged with a felony except by a grand jury when it permitted the State to amend three of the indictments against Mr. Maggi by removing "salvia" from the "controlled substances" listed in the indictment, which was a substantive change to an element of the offenses charged.

2.    The trial court violated Mr. Maggi's Fifth and Fourteenth Amendment right not to be subject to double jeopardy when it allowed the State to simultaneously prosecute discrete acts of sexual assault and a "pattern" sexual assault charge, where the discrete

acts and the pattern alleged involved the same victim and overlapping time frames.

3.     The trial court violated Mr. Maggi's 6th Amendment right to confront the witnesses against him, to present evidence in his favor, and to a fair trial, and violated Mr. Maggi's Fourteenth Amendment due process rights when it made evidentiary rulings at Mr. Maggi's trial:

　　　a.     allowing the State to show a video recording of Mr. Maggi's statement to the police at trial, which Mr. Maggi had alleged had been illegally altered, finding that the redactions to the recording were permissible;

　　　b.     allowing the use of a video recording of Mr. Maggi's statement to the police to be shown at trial when that recording was a "video of a video," and thus violated the "best evidence rule";

　　　c.     not allowing Mr. Maggi to present evidence at trial that the video recording of his statement to the police, which was shown to the jury, contained allegedly "illegal alterations made . . .  by state investigators," by striking, and directing the jury not to consider, Mr. Maggi's testimony on that subject;

　　　d.     allowing multiple State's witnesses to testify to matters unrelated to Mr. Maggi's allegedly criminal actions, where the testimony amounted to character evidence which was inflammatory and unduly prejudiced Mr. Maggi;

　　　e.     allowing the admission in evidence of Facebook messages exchanged between Mr. Maggi and D.B., a minor, when those conversations were irrelevant to the issues at trial, were inflammatory and unduly prejudicial to Mr. Maggi, and amounted to impermissible character or propensity evidence, as the messages were of a sexual nature and Mr. Maggi was not charged with sexually assaulting D.B., which was inflammatory and unduly prejudiced Mr. Maggi;

      f.   not allowing Mr. Maggi to explain at trial why he did not have a conversation with the victims' parents about the victims frequenting Mr. Maggi's place of business;

      g.   not allowing Mr. Maggi to call several witnesses to testify in his defense on the basis that Mr. Maggi had not provided the prosecution with the witnesses' written statements, when Mr. Maggi had not obtained and was not in possession of any written statement made by those witnesses; and

      h.   allowing the admission in evidence of Mr. Maggi's legal adult pornography collection as evidence of his propensity to commit the crimes with which he as charged, which was inflammatory and unduly prejudiced Mr. Maggi.

4.   The trial court violated Mr. Maggi's Sixth Amendment right to represent himself at trial when, after allowing Mr. Maggi to proceed pro se, denied him the resources he needed to effectively represent himself, which necessitated Mr. Maggi's decision give up his right to represent himself and to proceed with counsel at his trial, by:

      a.   "interposing so-called standby counsel";

      b.   denying Mr. Maggi the same notice and opportunity normally afforded to attorneys, to be heard on motions;

      c.   denying Mr. Maggi prompt and full hearings;

      d.   denying Mr. Maggi access to a computer;

      e.   denying Mr. Maggi access to a law library;

      f.   failing to accommodate Mr. Maggi's disability; and

      g.   refusing to define the scope of standby counsel's responsibilities, and instead directing Mr. Maggi and standby counsel to find that information in caselaw, when Mr. Maggi had no access to caselaw in pretrial detention.

5.    The trial court violated Mr. Maggi's Sixth
Amendment right to confront the witnesses against him
and present evidence in his favor by not allowing Mr.
Maggi to depose the victims in his criminal case, thus
depriving him of the ability to evaluate certain
impeachment evidence, by applying the State rape
shield law, as that law is unconstitutional as applied
to Mr. Maggi in his criminal case, in that it caused
him to be denied his Sixth Amendment rights to
confront the evidence against him and to present
evidence in his favor, and violated his Fourteenth
Amendment due process rights.

6.    The trial court violated Mr. Maggi's Fourteenth
Amendment right to due process when it misused the
State rape shield law by:

    a.    preventing Mr. Maggi from cross-examining
    one of the victims in his criminal case about her
    alleged recantation of a prior sexual assault
    allegation, where that witness' credibility was a
    "key issue at trial"; and

    b.    preventing Mr. Maggi, on multiple occasions,
    from conducting adequate cross-examination by
    disallowing certain impeachment relevant to the
    witnesses' credibility.

7.    The trial court violated Mr. Maggi's Sixth
Amendment rights to the effective assistance of
counsel, to conflict-free representation, and to
present evidence in his favor, by refusing to hear Mr.
Maggi's argument that he had been abandoned by his
trial counsel when his trial counsel truncated the
presentation of the defense case due to an obligation
trial counsel had to another client.

8.    The trial court violated Mr. Maggi's Fourteenth
Amendment due process rights by improperly denying Mr.
Maggi's motion to dismiss the indictments against him
which alleged that Mr. Maggi had committed drug
offenses, when the indictments alleged that the
substance in question "purported" to be drugs, in
contravention of the language in the statute Mr. Maggi
was charged with violating, which uses the word
"represented" instead of "purported."

9.  The trial court violated Mr. Maggi's Fifth
Amendment right not to be subject to double jeopardy
by improperly sentencing Mr. Maggi to consecutive
sentences on his drug charges.

10.  The trial court violated Mr. Maggi's Sixth
Amendment right to a fair trial and his Fourteenth
Amendment right to due process by not allowing Mr.
Maggi to amend his court filings.

11.  The trial court violated Mr. Maggi's Sixth
Amendment right to a speedy trial and Fourteenth
Amendment right to due process by requiring that Mr.
Maggi sign speedy trial waivers when he asked for
continuances in his criminal case, as the requested
continuances were necessitated by the State
"continually den[ying] discovery," and/or because jail
officials where Mr. Maggi was detained pretrial denied
Mr. Maggi access to discovery materials which the
State had provided to him.

12.  The trial court violated Mr. Maggi's Fourteenth
Amendment right to due process by allowing Mr. Maggi
to be convicted of drug charges on insufficient
evidence, as the State never introduced any actual
drugs into evidence.

13.  The trial court violated Mr. Maggi's Sixth
Amendment right to be charged with a felony by a grand
jury indictment, and his Fourteenth Amendment due
process rights, by permitting the State to prosecute
Mr. Maggi on a charge that he sexually assaulted J.M.
when the conduct alleged could not have occurred
within the time frame in the indictment.

14.  The trial court denied a number of Mr. Maggi's
pro se motions as untimely when the motions were filed
only one month after Mr. Maggi gained access to his
discovery materials.

15.  The trial court allowed multiple indictments to
proceed which charged Mr. Maggi with "numerous" crimes
which stemmed from "one specific alleged interaction,
a single alleged spree, without any evidence" to
support prosecutions for multiple offenses.

16.   The trial court violated Mr. Maggi's Fifth Amendment right not to be subject to double jeopardy by failing to instruct the jury that some of the indictments in the case charged Mr. Maggi with "variants," or alternate theories, of a single offense, and that the jury could only convict Mr. Maggi of one such variant.

B.   Mr. Maggi was denied his Sixth Amendment right to the effective assistance of counsel, and his Fourteenth Amendment due process rights, during pretrial proceedings and at the trial in his criminal case, as follows.

1.   Trial counsel did not conduct any investigation, either himself or through an investigator.

2.   Trial counsel did not conduct any legal research.

3.   Trial counsel failed to obtain an expert witness to provide evidence at trial concerning the video recording of Mr. Maggi's statement to the police, after Mr. Maggi's sister retained a forensic expert to review the video recording, who provided an initial opinion from that witness that the video "had almost certainly been tampered with."

4.   Trial counsel failed to file the following motions:

a.   motion(s) for funds to allow Mr. Maggi to retain an expert witness, to testify that the video recording of Mr. Maggi's statement to the police "had almost certainly been tampered with";

b.   motion(s) for discovery to obtain:

i.   complete and legible copies of all of the discovery materials;

ii.   information concerning two images which were not included in the report of the State forensic laboratory's analysis of Mr. Maggi's computer;

iii. chain of custody information for all of the State's evidence/exhibits;

iv.   recordings of hearings held in the
Circuit Court related to the State's efforts
to obtain warrants relevant to Mr. Maggi's
case;

v.    recordings of interactions between the
prosecution and any witness, including the
victims, for the purpose of determining
whether the victims or other witnesses with
conflicting stories were coached to testify
consistently with one another, and whether
the victims were tainted by leading
questions they were asked during the state's
investigation;

vi.   the victims' academic records from
Plymouth Regional High School for the period
of time during and after the 2011-2012
school year;

vii. a record of what days school was
cancelled at Plymouth Regional High School,
including snow days, during the 2011-2012
school year;

viii. images, videos and other potentially
exculpatory evidence obtained from any
computer seized during the investigation and
prosecution of Mr. Maggi's criminal case;
and

ix.   Mr. Maggi's cellphone records which
were in the State's possession, and were not
otherwise available to Mr. Maggi, as those
records would show that Mr. Maggi had little
or no contact with any of the victims, to
impeach the victims' statements that Mr.
Maggi called them incessantly;

c.    motion(s) to allow Mr. Maggi to see the
physical evidence in the State's possession in
person prior to trial;

d.    motion(s) to depose James Dorr, an
individual who had publicly stated that he
orchestrated the evidence against Mr. Maggi, and

whose deposition was necessary to adequate trial preparation;

e.    motion(s) for a bill of particulars;

f.    motion(s) for dismissal of the indictments charging Maggi with individual sexual assaults, on the grounds that:

    i.    the prosecution failed to provide discovery regarding the sexual offenses charged;

    ii.    with regard to Count 2 of the indictment alleging that Mr. Maggi engaged in sexual intercourse with J.M. without J.M.'s consent, charged an overbroad time period during which the offense was alleged to have occurred; and

    iii. those indictments were otherwise defective;

g.    motion(s) to dismiss the indictments charging Mr. Maggi with a pattern of sexual assault, on the grounds that:

    i.    the indictments did "not establish the intent of the legislature";

    ii.    the indictments subjected Mr. Maggi to double jeopardy because Mr. Maggi was charged with both pattern offenses and individual offenses arising out of the same incidents;

    iii. the indictments unfairly prejudiced Mr. Maggi by inflaming the passions of the jury; and

    iv.    the indictments charged a time period which the acts underlying the pattern charges were alleged to have occurred which was broader than the time period dictated by the evidence;

h.   motion(s) to dismiss the indictments
charging Mr. Maggi with child pornography
offenses, on the grounds that:

i.   the prosecution was unable to prove
that Mr. Maggi had knowledge of the images
on the computers obtained during a search of
Mr. Maggi's place of business made pursuant
to a warrant;

ii.   the prosecution failed to authenticate
when and by whom the relevant images were
downloaded;

iii. the prosecution failed to establish an
adequate chain of custody for the items
seized pursuant to a warrant on January 8,
2013, for the time period between the
seizure of the items and the arrival of the
items at the State forensic laboratory on
January 10, 2013;

iv.   many of the images which were the
subject of the charges against Mr. Maggi did
not violate the statute Mr. Maggi was
charged with violating, N.H. Rev. Stat. Ann.
§ 649-A:3, in that:

(A)  with regard to four images, it was
impossible to determine whether the
subjects of those images were minors;

(B)  certain images were not sexually
explicit;

(C)  two images appeared to be
computer-generated or photoshopped, as
they were too pixelated to be perceived
by the unaided eye as child abuse
images; and

3.   the indictments were otherwise
insufficient;

i.   motion(s) for dismissal of the indictments
charging Mr. Maggi with drug offenses, on the
grounds that:

       i.   the minors' statements to the Child Advocacy Center, upon which Mr. Maggi's drug charges relied, were unreliable hearsay;

       ii.  the indictments concerning "salvia" failed to allege that Mr. Maggi had committed a crime, as salvia is not an illegal substance;

       iii. with regard to Counts 17 and 18, the indictments were insufficient to allow Mr. Maggi to prepare a defense, as they failed to provide him with notice of the drug with which those charges were concerned[2]; and

       iv.  with regard to Counts 3 and 5, the indictments were insufficiently specific to constitute separate charges, and thus subjected Mr. Maggi to double jeopardy;

j.   motion(s) to dismiss three counts of simple assault (Counts 6, 7, 13) on the ground that those charges were brought by "secret indictments," and did not demonstrate that they were presented to or approved by the grand jury;

k.   motion(s) to dismiss two counts of endangering the welfare of a child and/or solicitation, on the grounds that:

       i.   the indictments did not sufficiently allege a violation of the statutes Mr. Maggi was charged with violating, N.H. Rev. Stat. Ann. §§ 693:3, III, 640-A:2, IV, and 632-A:1;

       ii.  the incidents charged Mr. Maggi with offenses against more than one victim, when only one victim provided a statement regarding the offense; and

---

[2] In his filings, Mr. Maggi describes the indictments underlying Counts 17 and 18 as "duplicitous." Appellant's Mot. for Leave to File Pro Se Suppl. Br., State v. Maggi, No. 2015-0029 (NHSC), Pet. Addend., Ex. B. (Doc. No. 28, at 32).

iii. the indictments were not sufficiently specific to allow Mr. Maggi to defend the charges, as a different date range was provided for each victim;

l.    motion(s) seeking permission for Mr. Maggi to see the evidence against him in person prior to trial;

m.    motion(s) seeking permission for Mr. Maggi to see J.M.'s written account of the offense with which Mr. Maggi was charged;

n.    motion(s) to transcribe the victims' interviews;

o.    motion(s) to sever the charge identified in the State court record as #758691 from the other charges, and to sever the charges identified in the State court record as #754867C and #754868C, from the other charges;

p.    motion(s) to suppress evidence of Facebook messages between Mr. Maggi and the victims in his case on the basis that Mr. Maggi's Facebook account had been hacked and/or tampered with such that exculpatory messages were removed from his account and replaced with incriminating messages;

q.    motion(s) to reconsider the trial court's order concerning the Howard[3] hearing conducted in Mr. Maggi's criminal case;

r.    motion(s) to reconsider the trial court's order denying Mr. Maggi's motion to suppress evidence which Mr. Maggi alleges was obtained pursuant to an improperly issued warrant;

s.    motion(s) to continue Mr. Maggi's trial to allow trial counsel sufficient time to prepare for trial; and

t.    "necessary" motion(s) in limine.

---

[3] See State v. Howard, 121 N.H. 53, 526 A.2d 457 (N.H. 1981).

5.    After a bona fide question was raised as to Mr.
Maggi's competency to stand trial, trial counsel
allowed Mr. Maggi's trial to proceed without a hearing
to determine Mr. Maggi's competency.

6.    Trial counsel failed to have excluded from trial
the testimony of multiple State's witnesses, which
testimony was  unrelated to the offenses charged, and
which amounted to impermissible character evidence,
which was inflammatory and unduly prejudiced Mr.
Maggi.

7.    After the prosecutor advised trial counsel,
during trial, that the State's lead witness(es) would
be substantially changing his or her version of
relevant events, trial counsel failed to:

      a.    make effective use of the changed statements
      to impeach the witness(es);

      b.    obtain a recess to investigate the changed
      testimony, depose the witness(es), or otherwise
      seek to understand what the witness(es)' changed
      testimony would be; and

      c.    take any other action to "deal with this
      late disclosure" of the changed statements.

8.    Failed to adequately respond to State's
witnesses' testimony about "many uncharged bad acts"
attributed to Mr. Maggi, as the defense was not
notified that the evidence would be introduced at
trial.

9.    Trial counsel failed to make all appropriate
objections during pretrial hearings and at trial.

10.  Trial counsel failed to obtain and present
information necessary to Mr. Maggi's defense,
including pictures and videos, including surveillance
videos of Mr. Maggi's place of business.

11.  Trial counsel failed to preserve issues for
appeal.

12.  Trial counsel improperly truncated Mr. Maggi's
defense by calling fewer witnesses than originally

planned, "because he had another case to get to which was scheduled to begin the week after Mr. Maggi's case had been scheduled to conclude," and the State's case had lasted longer than anticipated.

13.  Trial counsel denied Mr. Maggi conflict-free representation due to an actual conflict of interest, in that counsel abandoned Mr. Maggi by truncating the defense case at Mr. Maggi's trial, because he had a "more important case to attend to."

14.  Trial counsel failed to introduce evidence of Mr. Maggi's good character.

15.  Trial counsel failed to notice an alibi defense.

16.  Trial counsel failed to notice a "defense of property" defense to the simple assault charges brought against Mr. Maggi.

17.  Trial counsel failed to fully consult with Mr. Maggi either before or after he filed a Notice of Mandatory appeal on Mr. Maggi's behalf.

18.  Trial counsel failed to include all of the available appeal issues in the Notice of Mandatory Appeal counsel filed on Mr. Maggi's behalf.

C.  Mr. Maggi was denied his Sixth Amendment right to the effective assistance of appellate counsel during the direct appeal of his criminal case, as follows.

1.  Appellate counsel failed to fully investigate all of the issues in Mr. Maggi's case.

2.  Appellate counsel failed to adequately consult with Mr. Maggi.

3.  Appellate counsel failed to adequately consult with Mr. Maggi's trial counsel and/or other attorneys who had represented or served as stand-by counsel for Mr. Maggi.

4.  Appellate counsel failed to present and brief certain preserved and unpreserved issues in Mr. Maggi's direct appeal, including:

      a.    that trial counsel was ineffective;

      b.    that the trial court allowed inadmissible evidence to be introduced at trial; and

      c.    that the prosecution had engaged in misconduct by:

           i.   denying Mr. Maggi discovery the State was obligated to provide; and

           ii.  presenting inadmissible evidence at trial.

D.   Prior to and during trial, the prosecutors in Mr. Maggi's criminal case engaged in systemic, willful, and malicious prosecutorial misconduct, in violation of Mr. Maggi's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process as, as follows:

    1.   Prosecutors repeatedly falsely stated, in hearings and court filings, that they had provided Mr. Maggi with discovery and that Mr. Maggi could access those materials at the jail where he was detained, resulting in the trial court's denial of Mr. Maggi's motion(s) for discovery depositions on the basis that the discovery depositions were unnecessary as discovery materials had been provided, and was available, to Mr. Maggi.

    2.   Prosecutors made false statements in hearings and court filings indicating that the victims' testimony would not change at trial.

    3.   Prosecutors withheld "key" information from Mr. Maggi.

    4.   After prosecutors represented, at pretrial hearings, that Mr. Maggi had received all of the information concerning the evidence the State intended to use at trial to prove the drug offenses charged, State witnesses testified to "many uncharged bad acts" attributed to Mr. Maggi without notification that such evidence would be introduced at trial.

II.   Exhaustion

     To be eligible for federal habeas relief, a petitioner must
show that he has exhausted the remedies available to him in the
state courts for those claims, or that state corrective
processes are unavailable or ineffective to protect his rights.
See 28 U.S.C. § 2254(b)(1); Shinn v. Ramirez, 142 S. Ct. 1718,
1732 (2022(state prisoner ordinarily satisfies requirement to
exhaust available state court remedies before seeking federal
habeas relief "by raising his federal claim before the state
courts in accordance with state procedures"); Coningford v.
Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) ("To achieve
exhaustion, 'a habeas petitioner bears a heavy burden to show
that he fairly and recognizably presented to the state courts
the factual and legal bases of [his] federal claim.'") (citation
omitted); Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002)
("where the claim has not been fairly presented on direct appeal
. . . it should be fairly presented to the state court through a
motion for collateral relief").

     In New Hampshire, the exhaustion requirement is generally
satisfied when the NHSC has had an opportunity to rule on each
federal claim in the § 2254 petition, either in the context of a
direct appeal or in a collateral review proceeding.  See Lanigan
v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988); see also Gunter,
291 F.3d at 82.  However, the exhaustion requirement is not

satisfied if the petitioner has not articulated his or her claim
in the state courts in a manner that would alert the state
courts to its federal nature.  "'The appropriate focus'" for
purposes of determining if the federal claim has been exhausted,
"'centers on the likelihood that the presentation in state court
alerted that tribunal to the claim's federal quality and
approximate contours.'"  Coningford, 640 F.3d at 482 (citation
omitted).  The burden is on the petitioner to demonstrate
exhaustion of state remedies.  Id.

A petition that includes both exhausted and unexhausted
claims is called a "mixed petition." Rhines v. Weber, 544 U.S.
269, 273 (2005).  A mixed petition is subject to dismissal
without prejudice.  See id. at 275; 28 U.S.C. § 2254(b)(1).  A
petitioner who has filed a mixed petition may save his case from
being dismissed in its entirety by: (1) seeking a stay for
purposes of completely exhausting state court remedies, which
requires a showing of good cause for the petitioner's previous
failure to exhaust state remedies, an absence of dilatory
tactics, and a showing that the claims at issue are not plainly
meritless, see Rhines, 544 U.S. at 277-78; (2) filing a motion
to forego the unexhausted claims, with the understanding that
foregoing certain claims may mean that the petitioner will never
be able to litigate them, due to the successive petition bar in
28 U.S.C. § 2244(a)-(b); or (3) demonstrating that "there is an

19

absence of available State corrective process," 28 U.S.C. §
2254(b)(1)(B)(i), or that that "circumstances exist that render
such process ineffective to protect" his rights, 28 U.S.C. §
2254(b)(1)(B)(ii).

This Court previously granted Mr. Maggi a stay so that he
could seek post-conviction relief in the State courts as to any
claim which was not exhausted on direct appeal prior to filing
this action.  Mr. Maggi asserts that, acting through counsel and
pro se, he has raised and/or exhausted, or attempted to raise
and/or exhaust all of the claims listed in this Report and
Recommendation in the state courts.  With his petition
documents, Mr. Maggi has provided this Court with some of the
documents filed, and orders issued, in his post-conviction state
court proceedings.  The court has reviewed those documents,
which demonstrate that Mr. Maggi has exhausted at least some of
his claims.  The record before the Court at this time, however,
does not demonstrate that Mr. Maggi has exhausted each of the
above-listed claims, including the federal nature of each claim.

Rather than reinstate the stay in this case at this time,
or to require Mr. Maggi to demonstrate exhaustion of all of his
claims by filing additional materials to demonstrate exhaustion,
including transcripts which he may not have in his possession,
the Court, in an Order issued simultaneously with this Report
and Recommendation, directs the respondent, if she intends to

assert that any of the claims in the petition are unexhausted, to file a motion to dismiss the petition on that basis by March 15, 2023.  If the respondent files such a motion, Mr. Maggi will have the opportunity to respond to the motion.  At that time, he will be able to: demonstrate that all of his claims have been fully exhausted in the state courts, forego his unexhausted claims (if any), demonstrate that there are no available effective state remedies to exhaust his claims, or ask the Court to reinstate the stay in this matter to allow him to return to the state courts to exhaust any unexhausted claims.

III. <u>Claims the District Judge Should Dismiss</u>

      A.   <u>Fourth Amendment Claims</u>

Mr. Maggi has asserted claims in this case challenging his conviction on the basis that evidence admitted at his trial was obtained in violation of his Fourth Amendment rights. Specifically, Mr. Maggi argues that the police seized evidence from his workplace pursuant to a warrant, but that the warrant was illegally obtained and therefore, the evidence seized and used against him at trial should have been suppressed or otherwise excluded from trial.  Additionally, Mr. Maggi argues that evidence obtained from the same search was suppressed in another criminal case of Mr. Maggi's, and that therefore the GCSC's denial of his motion to suppress was error.

Mr. Maggi is asserting in these claims that evidence seized in violation of his Fourth Amendment rights was used to obtain his conviction.  Such claims are not cognizable as a basis for obtaining federal habeas relief under § 2254.  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (citation omitted); see also Sanna v. Dipaolo, 265 F.3d 1, 8-10 (1st Cir. 2001) (federal courts cannot generally review Fourth Amendment claims in a § 2254 petition unless the state failed to provide a "full and fair" opportunity to litigate that claim, or there has been "an irretrievable breakdown in the process provided by the state" (citing Stone, 428 U.S. at 494)).

Mr. Maggi has not asserted any facts which suggest that the GCSC failed to provide him a full and fair opportunity to seek to exclude or suppress the challenged evidence at trial on the basis that it was obtained in violation of his Fourth Amendment rights.  To the contrary, Mr. Maggi states that he was afforded a suppression hearing in the trial court.  Accordingly, the district judge should dismiss Mr. Maggi's claims asserting that evidence admitted at his trial was obtained in violation of his Fourth Amendment rights.

B.    Self-Incrimination Claim

Mr. Maggi alleges that his Fifth and Fourteenth Amendment right not to be forced to incriminate himself was violated at his trial.  Specifically, Mr. Maggi asserts that, with regard to his conviction on drug-related offenses, the only evidence introduced at trial which indicated that the substance in question was actually an illegal drug was a witness' testimony that Mr. Maggi had told the witness that the substance was an illegal drug.  The Fifth and Fourteenth Amendments protect a criminal defendant from having his own statements used against him at trial if those statements were made involuntarily during a "'custodial police interrogation.'"  Dickerson v. United States, 530 U.S. 428, 440 (2000) (quoting Miranda v. Arizona, 384 U.S. 436, 467 (1966)).  Mr. Maggi does not allege that his statement was made in response to a police interrogation, or that he was in custody when he made the statement.  The introduction of that statement, therefore, does not implicate Mr. Maggi's Fifth and Fourteenth Amendment right against self-incrimination, and the District Judge should dismiss Mr. Maggi's claim based on the alleged violation of his right against self-incrimination.

C.    Claims Concerning Trial Counsel

1.    Promises and Requests

Mr. Maggi asserts that his Sixth and Fourteenth Amendment right to the effective assistance of trial counsel was violated when his trial counsel, Attorney Decato failed to do certain things which he had either promised Mr. Maggi he would do, or which Mr. Maggi and/or members of his family requested that he do.  Mr. Maggi asserts that trial counsel's failure to comply with his requests or fulfill promises deprived him of his Sixth Amendment right to the effective assistance of counsel.

To demonstrate that his Sixth Amendment right to the effective assistance of trial counsel was violated, Mr. Maggi must prove: (1) "'that counsel's representation fell below an objective standard of reasonableness,'" and (2) "that any such deficiency was 'prejudicial to his defense.'"  Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).  An attorney's failure to keep a promise to a client, or to accede to a client's request, by itself, does not state a Sixth Amendment violation where the attorney's acts or omissions do not otherwise violate the ineffective assistance standard.

To the extent Mr. Maggi has asserted claims that a particular act or omission by his trial counsel amounted a constitutionally deficient performance which prejudiced Mr.

24

Maggi, those claims have been identified, in this Report and
Recommendation, as a claim that may proceed in this action.
However, to the extent Mr. Maggi asserts that his Sixth
Amendment right to the effective assistance of counsel was
violated because his attorney broke promises to him or did not
comply with his requests, the District Judge should dismiss such
claims.

### 2.    Claims Not Challenging Conviction

Mr. Maggi has asserted claims in his petition alleging that
Attorney Decato: never arranged access to, or the return of,
property the State seized from Mr. Maggi which was "without
evidentiary value"; failed to intervene to assist Mr. Maggi in
redressing unconstitutional conditions of confinement during his
pretrial detention; never obtained surveillance video of GCDC
guards harassing and assaulting Mr. Maggi after his trial; and
failed to assist Mr. Maggi in stopping the GCDC and the NHSP
from interfering with Mr. Maggi's legal mail and legal
documents.  These assertions, even if true, do not call into
question the constitutionality of Mr. Maggi's convictions and/or
sentences, and are thus not properly asserted in a habeas action
under § 2254.  The District Judge, therefore, should dismiss
those claims, without prejudice to Mr. Maggi's ability to assert
them in a civil action in state or federal court.

E.    Claims of State Habeas Court Error

Mr. Maggi asserts that his present custody is
unconstitutional because the state habeas court violated his
Fourteenth Amendment right to due process and his Sixth
Amendment right to the effective assistance of counsel during
the state habeas proceedings.  Specifically, Mr. Maggi asserts
that the state habeas court: did not allow Mr. Maggi to amend
his pleading after his post-conviction attorney withdrew from
the case, improperly limited the issues he could litigate in the
state habeas proceedings, denied Mr. Maggi access to discovery,
and denied Mr. Maggi the ability to call or impeach certain
witnesses.  Mr. Maggi also complains that his trial counsel, who
was the principal witness at the hearing on his state habeas
petition, failed to adequately prepare himself to testify and
fabricated some of his testimony.

Criminal defendants have no federal constitutional right to
post-conviction collateral review proceedings beyond a direct
appeal.  See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)
(states are not obliged to provide an avenue for a criminal
defendant to collaterally attack his criminal conviction after
he loses his direct appeal).  Similarly, there is generally no
federal right to counsel in a post-conviction collateral
challenge to a state conviction.  See 28 U.S.C. § 2254(i) ("The

ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Shinn, 142 S. Ct. at 1737 ("there is no constitutional right to counsel in state postconviction proceedings"); Finley, 481 U.S. at 557.  Accordingly, Mr. Maggi cannot assert a claim for relief in this § 2254 action based on alleged violations of his rights, including his right to the effective assistance of counsel, at his post-conviction state habeas proceedings and the District Judge should dismiss Mr. Maggi's claims so asserting.

### F.    Equal Protection

Mr. Maggi alleges that his criminal prosecution violated his Fourteenth Amendment right to equal protection of the law because the victims of his offenses engaged in the same behavior for which Mr. Maggi was indicted, but only Mr. Maggi, and not the victims, were charged criminally for that conduct. Assuming, without deciding, that any victim in Mr. Maggi's case engaged in conduct for which he or she could be criminally prosecuted, and that Mr. Maggi's equal protection claim is appropriately asserted in a habeas petition under § 2254, Mr. Maggi has failed to state a claim for relief based on a violation of his equal protection rights.

"[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor]'s discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (footnote omitted); see also United States v. Armstrong, 517 U.S. 456, 463 (1996). However, a prosecutor's decision to prosecute or not cannot be "[d]eliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." United States v. Wayte, 470 U.S. 598, 608 (1985) (internal quotation marks and citations omitted). To demonstrate that a criminal prosecution violated his equal protection rights, Mr. Maggi must present evidence to demonstrate "that the prosecutorial policy "'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Armstrong, 517 U.S. at 465 (quoting Wayte, 470 U.S. at 608).

Further, to assert an equal protection claim based on the prosecutor choosing to prosecute him, but not his victims, Mr. Maggi must demonstrate that he has been treated differently than another person who is similarly-situated to himself in all relevant aspects. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

Mr. Maggi has not supported his equal protection claim with any facts or allegations that his prosecution as motivated by discrimination on an improper basis, or that it had such an

effect.  Additionally, Mr. Maggi has failed to demonstrate that any of the victims of his crimes were similarly situated to him in all relevant respects such that the government had any obligation to treat them equally.  Accordingly, Mr. Maggi has failed to state a claim that his conviction is unconstitutional because it violated his right to equal protection of the laws, and the District Judge should dismiss this claim.

### G.   State Law Claims

#### 1.   Claim that Guilty Verdicts Were "Against the Weight of the Evidence"

Mr. Maggi asserts claims that the trial court improperly failed to find that the guilty verdicts in his case were "against the weight of the evidence."  Dec. 29, 2014 NOMA, Pet. Addend., Ex. A (Doc. No. 28, at 7).  In general, "[a] manifest-weight-of-the-evidence claim is a state-law claim and, thus, not cognizable on federal habeas review."  Leachman v. Winn, No. 18-1080, 2018 U.S. App. LEXIS 37824, at *5, 2018 WL 11303580, at *2 (6th Cir. July 2, 2018).  Therefore, Mr. Maggi's assertion that the state courts erred in finding that the jurors' verdict was against the weight of the evidence is legally insufficient to be a basis for relief under 28 U.S.C. § 2254, and the District Judge should dismiss the claim on that basis.

2.   <u>Unprecedented Use of Criminal Statute</u>

Mr. Maggi asserts that the indictments charging him with
drug-related offenses should be dismissed because there was "no
precedent" for the State of New Hampshire using the statute Mr.
Maggi was charged with violating to prosecute a person alleged
to have sold drugs to a minor.  Mr. Maggi states that the
statute in question has generally been used to prosecute
individuals who have sold drugs to undercover law enforcement
officers.

The fact that an indictment charges a violation of a
criminal statute in a novel manner does not provide a basis for
dismissing an indictment or a reason to find a conviction
invalid where the statute provides adequate notice of the
conduct which would violate its provisions.  Mr. Maggi does not
allege that the statute in question failed to provide him with
adequate notice that his behavior was criminal, and the District
Judge should dismiss his claim based on the prosecution's
allegedly unprecedented use of state law to charge Mr. Maggi
criminally for selling drugs to a minor.

3.   <u>New Hampshire Constitution</u>

Mr. Maggi alleges that the allegations underlying the
asserts claims in his petition alleging violations of his
federal constitutional rights also give rise to claims that his

rights under the New Hampshire Constitution have been violated.
Section 2254 authorizes this Court to grant a petitioner relief
from confinement pursuant to a state court judgment on the
grounds that such confinement violates his or her federal
rights.  See 28 U.S.C. § 2254.  Claims asserting violations of
state laws are generally not cognizable in a § 2254 petition.
See Wilson v. Corcoran, 562 U.S. 1, 16 (2010) ("it is only
noncompliance with federal law that renders a State's criminal
judgment susceptible to collateral attack" in a § 2254 petition
(emphasis added)); Estelle v. McGuire, 502 U.S. 62, 67 (1991)
("'federal habeas corpus relief does not lie for errors of state
law'" (citation omitted)).  Accordingly, the District Judge
should dismiss Mr. Maggi's claims asserting violations of state
law, without prejudice to his ability to raise those claims in
an action brought before a court with jurisdiction to consider
them.

    H.   Bail

Mr. Maggi alleges that the State court's bail order in his
criminal case prevented his release prior to trial, resulting in
his spending his pretrial period detained at the GCDC, in
violation of his rights under the Excessive Bail Clause of the
Eighth Amendment and his Fourteenth Amendment due process
rights.  As noted above, § 2254 is the proper vehicle for a

state prisoner, in custody pursuant to the judgment of a state court, to challenge the constitutionality of his current confinement.  A convicted prisoner, however, cannot challenge his or her pre-trial confinement based on excessive bail in a § 2254 action, as such claims become moot upon that prisoner's conviction and transfer to state prison.  See Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015); Porter v. Pelino, 985 F.2d 552, 1992 U.S. App. LEXIS 32221, at *5, 1992 WL 436195, at *2 (1st Cir. Dec. 9, 1992) (unpublished table decision); Williams v. Wall, No. 09-cv-0055-ML, 2009 U.S. Dist. LEXIS 120122, at *5-6, 2009 WL 4981463, at *2 (D.R.I. Dec. 1, 2009), R&R adopted, 2009 U.S. Dist. LEXIS 120125, 2009 WL 4981463 (D.R.I. Dec. 22, 2009); see also Laster v. Skipper, No. 1:21-cv-366, 2021 U.S. Dist. LEXIS 86767, at *4, 2021 WL 1809837, at *2 (W.D. Mich. May 6, 2021) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982) (in general, Eighth Amendment claim to pretrial bail becomes moot once criminal defendant is convicted)). Accordingly, the District Judge should dismiss Mr. Maggi's claims challenging his bail.

## Conclusion

For the foregoing reasons, the Court recommends that the District Judge dismiss Mr. Maggi's claims asserting: violation(s) of his Fourth Amendment rights; violation(s) of his

Fifth and Fourteenth Amendment right against self-incrimination;

violation(s) of his Sixth Amendment right to the effective

assistance of trial counsel to the extent that his trial counsel

failed to fulfill promises, accede to requests, arrange the

return of his property, and address the conditions of his

confinement; state habeas court error;  violation(s) of his

Eighth Amendment right not to be subjected to excessive bail,

and violations of state law.  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of

this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period

may be extended upon motion.  Failure to file any objection

within the specified time waives the right to appeal the

district court's Order.  See Santos-Santos v. Torres-Centeno,

842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in

the written objections to this R&R "'are subject to review in

the district court,'" and any issues "'not preserved by such

objection are precluded on appeal.'"  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

December 14, 2022

cc:  Gregory Maggi, pro se
     Elizabeth C. Woodcock, Esq.